# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | | |
|---|---|---|
| United States of America<br>v.<br>Jonathan Cameron COLEY<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br>    1:24MJ170-1 |

**FILED**
in the Middle District of
North Carolina
**May 3, 2024**
**4:23 pm**
Clerk, US District Court
By: _____dmk_____

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 13, 2024__ in the county of __Guilford__ in the __Middle__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. 922(g)(3) | Possession of Firearm or Ammunition by Prohibited Person who is an Unlawful User of a Controlled Substance |
| Title 18 U.S.C. 922(q)(2)(a) | Unlawful Possession of a Firearm on School Grounds |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Criminal Complaint and attached affidavit in accordance with the requirements of Fed. R. Crim. P. 4.1.

/s/ Terry M. Bryson
*Complainant's signature*

ATF Task Force Officer Terry M. Bryson
*Printed name and title*

Date: __05/03/2024  3:53 pm__

*Judge's signature*

City and state: __Durham, North Carolina__

Joe L. Webster, United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

**Probable Cause Affidavit**

I, Terry M. Bryson being first duly sworn, hereby depose and state as follows:

1. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been since September 2018. I am currently assigned to the Charlotte Field Division, Greensboro I Field Office. I am also a Police Officer with the Greensboro Police Department ("GPD") and served under this agency for approximately 13 years. While currently employed with GPD, I am assigned to the Crime Gun Intelligence Center of the Investigative Support Division which is tasked with identifying and investigating offenders involved in the unlawful possession and use of firearms, criminal gang activity, the sales and distribution of illegal narcotics, and development of criminal intelligence.

2. During my career in law enforcement, I have conducted and participated in numerous complex case investigations involving federal and state firearms and controlled substance violations. In furtherance of these investigations, I have investigated and/or assisted in various criminal cases including the unlawful manufacture, sale and distribution of controlled substances, crimes against persons, and the unlawful possession of firearms. These investigations have resulted in numerous arrests and convictions. I have received specialized training and experience including social media exploitation, intelligence gathering, clandestine laboratory awareness, undercover narcotics investigations and techniques, criminal interdiction and detection. I have also received specialized training in criminal interview and interrogation as well as attended the Police Law Institute course of instruction at the North Carolina Justice Academy.

1

3. Based upon my training and experience, I am familiar with Federal Criminal Codes and know that it is a violation of:

*Title 18 USC, Section 922(g)(3)*, it shall be unlawful for anyone who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) to possess any firearm or ammunition which has previously travelled in or otherwise affected interstate commerce.

*Title 18 USC, Section 922(q)(2)(A)*, It shall be unlawful for any individual knowingly to possess a firearm the individual knows, or has reasonable cause to believe, is a school zone.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

### Case Initiation

5. On April 13, 2024, at approximately at 6:02 am, GPD Officer J.M. Bellomy responded to the Irving Park Elementary School located at 1310 Sunset Drive, Greensboro, NC, in reference to a burglar alarm activation.

6. Irving Park Elementary School is a public school within the Guilford County Public School district of North Carolina. The school zone is indicated by a marked sign near the entrance

2

of the school giving notice of the school zone, the authorized speed limit, and the hours in which the lower speed is enforced.

7. Officer Bellomy met with the school principal, Witness -1. Officer Bellomy found the door to the gymnasium was propped open by a basketball hoop. Officer Bellomy cleared the interior of the school and did not locate any further suspicious activity or persons inside. Witness-1 stated that they would review the school's security camera footage and report back with any findings.

8. On April 16, 2024, Witness-1 called GPD for follow up after reviewing the school security camera footage. Greensboro Police Officer F.E. Heffner responded and met with Witness-1 and Assistant Principal, Witness-2.

9. According to Officer Heffner's report, he viewed the surveillance video and observed a newer model, blue in color, Dodge Challenger arriving in the area at approximately 5:23 am, on April 13, 2024. The Challenger was seen parking near the front entrance of the school. A white male walked into camera view and then proceeded back to the Challenger and left. The suspect would be later identified by Greensboro Police as Jonathan Cameron COLEY of Country Club Drive, Greensboro, NC.

10. At approximately 5:48 am on the surveillance video, COLEY reappeared on camera on the school property this time armed with a long gun. COLEY entered the school through a door leading to the gym. The door appeared to be unlocked or unsecured.

11. COLEY was then captured on surveillance video walking through the gym and entering the main lobby of the school, still armed with a long gun. COLEY walked down a hallway and eventually exited the school through the kindergarten entrance doors and walked away from

3

the school with the firearm. The long gun is particularly distinctive in that it had an attached aiming optic device. Additionally, the firearm had a mechanism which allowed it to be folded.

12. GPD was able to positively identify Jonathan Cameron COLEY, as the suspect in this incident and arrest warrants were obtained for Breaking and/or Entering and Possession of a Firearm on School Grounds.

13. GPD's Violent Crime Response Team ("VCRT") conducted surveillance at COLEY's last known address on Country Club Road and located the blue Dodge Challenger that COLEY was driving in the surveillance footage parked behind the residence. VCRT Officers observed the homeowner, Witness-3, leave the residence and officers were able to contact and speak to Witness-3.

14. Witness-3 advised that COLEY was currently operating a rental car described as a silver Toyota truck with two dirt bikes in-tow. Witness-3 was unsure of COLEY's whereabouts and stated COLEY had been abusing narcotics and sleeping in his truck. Witness-3 also stated that he, his brother, Witness-4, and his friend, Witness-5, had collected COLEYs firearms, and the firearms were secured.

## Arrest of COLEY

15. At approximately 4:10 pm on April 16, 2024, GPD Officer J. Bellomy observed a grey Toyota Tacoma truck with two dirt bikes traveling on North Church Street. The driver was a

4

white male who the officer identified as COLEY. Members of VCRT and GPD's Violent Criminal Apprehension Team were able to safely conduct a traffic stop and arrest COLEY.

16. During the arrest of COLEY, officers detected an odor of marijuana emanating from the truck. Officers also observed marijuana residue.

17. A search of the truck produced two bags of edible THC products, multiple bags of marijuana, two marijuana cigarettes, a digital scale, marijuana grinders, and several plastic bags used to store marijuana. Officers also located a box of 5.56 caliber ammunition and numerous live rounds of various calibers of ammunition in the vehicle. No firearms were discovered during the search of COLEY or the truck. A total of 76 grams of THC edibles, 38 grams of packaged marijuana and the assorted ammunition were collected as evidence. During a search incident to arrest of COLEY, officers also located a live round of 9mm ammunition on his person.

18. Following the apprehension, VCRT officer S.K. Roscoe was contacted by Witness-4 and Witness-5. They advised officer Roscoe they had custody of several firearms that belonged to COLEY.

19. Officer Roscoe then met with Witness-4 and Witness-5 who had secured several firearms, ammunition, and accessories from COLEY and wanted to voluntarily turn this property

over to police. Officer Roscoe took into custody the following property from Witness-4 and Witness-5:

- One (1) Remington, model 870 12-gauge shotgun, serial number CC37642A.
- One (1) ATI, .22 caliber rifle, serial number 82082615.
- One (1) SCCY, model CPX-1, 9mm semi-automatic pistol, serial number C401767.
- Firearm magazines and assorted ammunition
- One (1) Diamondback rifle, 5.56 caliber, serial number DB2613925.
- One (1) Smith & Wesson, M&P, 9mm rifle with optic sight with mechanism that allows it to fold (scope, bearing serial number VA85893.
- Ammunition and firearm accessories.

<u>Interview of COLEY</u>

20. COLEY was transported to the Criminal Investigations Division for follow up interview by Criminal Intelligence Detective D. Lyndrup and Detective B. Hagstrum.

21. Detective Lyndrup began an interview with COLEY and the interview was audio and video recorded. COLEY was verbally advised of his Miranda Statement of Rights. COLEY waived his rights in a signed a Miranda statement of rights waiver form.

22. During the interview, COLEY stated to that he was a drug addict. When Detective Lyndrup asked what drugs he was using, COLEY said he used meth, otherwise known as

6

methamphetamine. Detective Lyndrup asked COLEY if he was still a user and COLEY replied, "yes." COLEY stated he was trying to "fall back further and further from it."

23. Detective Lyndrup asked how often COLEY uses meth and COLEY stated he used maybe twice a day, sometimes three times a day.

24. COLEY further described the physical effects of the methamphetamine after snorting the drug. COLEY stated the first time he tried meth, he was 21. COLEY is currently 26 years old. COLEY stated he has tried other mixes of narcotics, to include bath salts. COLEY further described the effects of bath salts. COLEY stated he has sought rehab in the past but was not successful.

25. Detective Lyndrup asked if COLEY had a blue Dodge Challenger and COLEY affirmed that was his vehicle. Detective Lyndrup told COLEY that he had a video of COLEY from this past Saturday, walking around a school with a gun. COLEY stated he remembered the next day and feeling sick. COLEY did not make any direct statements to the school incident at this time. COLEY stated he did not remember taking any narcotics that night, but he did remember drinking half a drink and thought something was possibly in the drink. COLEY further stated he sometimes hears voices.

26. The interview continued and Detective Lyndrup inquired about last Wednesday and COLEY reaffirmed he had lived at Witness-3's home on County Club Drive until last Wednesday. When Detective Lyndrup asked COLEY what happened last Wednesday, COLEY admitted he was an addict and affirmed that this had caused problems. COLEY further stated that last Wednesday he had a choice of rehab or get kicked out of the house.

27. Detective Lyndrup asked again why COLEY was at the school with a gun. COLEY mentioned voices in his head, and he further described the sound and the feeling of something bad.

7

COLEY went on to provide sporadic statements to include the sound of someone screaming and pop sounds which sounded like gunshots. The interview continued with additional utterances as he described entering the school, shouting a name, and shouting, "is everybody ok?" to make sure no one was in the school. COLEY initially stated the firearm he possessed in the school was an airsoft gun but then retracted his statement and admitted that it was a 9mm.

28. I was able to corroborate from the school security surveillance and the seized evidence from GPD that the suspected firearm possessed by COLEY in the school was a Smith & Wesson, model M&P- FPC, 9mm rifle, with an optic sight, bearing serial number VA85893. This was one of the firearms turned into GPD by Witness-4 and Witness-5.

29. Upon conclusion of the interview, COLEY was served his arrest warrants and booked in the Guilford County Jail.

30. I reviewed COLEY's criminal history and found that COLEY was arrested on January 1, 2021, by the Johnston County Sherriff's Office ("JCSO") for Possession of Methamphetamine and Possession of a Schedule I narcotic of an unnamed type. COLEY was found guilty of a lesser charge of Possession of Drug Paraphernalia.

31. I requested a copy of the incident report from JCSO and reviewed the narrative that on January 1, 2021, a JCSO deputy responded to a suspicious persons call in which the caller described a male that appeared to be on drugs and looking into vehicles. The JCSO deputy located COLEY with a bag in front of a business and offered him a ride to the Sheetz. The deputy conducted a frisk of COLEY for weapons before transport and located a substance on his person. COLEY identified the substance as "E Pills," which the deputy stated was ecstasy in his report.

8

COLEY also informed the deputy he had a needle in his bag. The deputy located a loaded needle containing a clear white substance. The substance field tested positive for methamphetamine.

32. COLEY made an utterance to the deputy that he had been clean for two months and had recently hung out with a new group of people and had relapsed. COLEY was charged with Possession of Methamphetamine and Possession of Schedule 1 narcotic, ecstasy.

33. On May 5, 2024, ATF Special Agent ("SA") Michael Newsome, an Interstate NEXUS examiner, conducted an examination of the Smith & Wesson, M&P-FPC, 9mm rifle. SA Newsome determined that it fit the definition of a firearm under Title 18 United States Code (U.S.C.), Chapter 44, Section 921(a)(3), and that it was manufactured outside of the state of North Caroline. Therefore, it is the opinion of SA Newsome that the firearm had previously travelled in and/or affected interstate or foreign commerce.

34. In light of the foregoing facts, I respectfully submit that probable cause has been established for the issuance of a Criminal Complaint for violation of Title 18 U.S.C. § 922(g)(3) [Possession of Firearm or Ammunition by Prohibited Person who is an Unlawful User of a Controlled Substance] and Title 18 U.S.C. § 922(q)(2)(a) [Unlawful Possession of a Firearm on School Grounds] by Jonathan Cameron COLEY.

Respectfully submitted,

*/s/ Terry M. Bryson*
Task Force Officer Terry M. Bryson
Bureau of Alcohol, Tobacco, Firearms and Explosives

9

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means (telephone), was placed under oath, and attested to the contents of this written affidavit. May 3, 2024 3:53 pm

_____
Honorable Joe L. Webster
United States Magistrate Judge
Middle District of North Carolina